O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| HAROLD L. IRVIN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION V-05-07 |
| | § | |
| LA GRANGE ACQUISITION, L.P. | § | |
| d/b/a ENERGY TRANSFER COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendant's Motion to Lift the Continuance on the Motion to Transfer Venue and Defendant's Renewal of the Motion (Dkt. # 21). Both parties have had an opportunity to conduct the requested discovery and have filed supplemental briefing on the motion to transfer. The Court, having considered the motion, is of the opinion that the motion should be GRANTED in part and DENIED in part. The continuance issued by the Court on April 6, 2005 is hereby lifted. Also pending is the Defendant's Motion to Dismiss or Transfer (Dkt. # 9), which was renewed in the foregoing motion. The Court, having reviewed the Motion and the responses of the parties, is of the opinion that the motion should be DENIED.

### Factual and Procedural Background

Plaintiff, Harold L. Irvin, brought suit against Defendant La Grange Acquisition L.P. d/b/a Energy Transfer Company in this Court on January 21, 2005. In his complaint, Plaintiff asserts claims under the Age Discrimination Act of 1967 and the Older Workers Benefits Protection Act of 1990. Plaintiff alleges that he was terminated from his employment on August 11, 2003 and replaced by a younger, less qualified male in violation of federal law. Plaintiff further alleges that Defendant has shown a pattern of dismissing older workers and retaining younger workers.

Defendant filed the pending motion to dismiss or transfer on March 4, 2005. Thereafter, Defendant filed an unopposed motion for continuance of Defendant's motion to transfer so that discovery could be conducted on this issue to rebut certain claims which were made by Plaintiff in his response to the motion. On April 5, 2005, this Court issued an order granting the continuance until such time as discovery had been completed on this issue. On May 2, 2005, Defendant filed the pending motion to lift the continuance on the motion to transfer and renewed its motion to dismiss or transfer. Plaintiff responded on May 18, 2005.

## Discussion

Defendant's original motion to dismiss or transfer argued that the case should be dismissed, or, in the alternative, transferred to the Western District of Texas, for the convenience of the parties. The renewal of the motion argues that the case should be transferred by challenging the convenience of the current venue under 28 U.S.C. § 1404(a). Section 1404(a) permits the district court to transfer a case from one district or division to another "for the convenience of the parties and witnesses, in the interest of justice." The goal of this provision is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expenses." *Shoemake v. Union Pacific Ry. Co.*, 233 F. Supp.2d 828, 829 (E.D.Tex. 2002)(citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Whether a 28 U.S.C. §1404(a) transfer is proper is committed to the sound discretion of the trial court, which should determine a motion to transfer venue based on an "individualized case-by-case consideration of convenience and fairness." *Shoemake*, 233 F. Supp. 2d at 829 (citing *Stewart Organization, Inc. v. Recoh Corp.*, 487 U.S. 22, 29 (1988)); *see also Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

"The party seeking a change of venue bears the burden of demonstrating that the forum

should be changed." *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *see Burlington Northern & Santa Fe Railway Co. v. Herzog Services, Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998). To prevail on a motion to transfer venue for the convenience of the parties under §1404(a), the movant must demonstrate the balance of convenience and justice weighs substantially in favor of transfer. *See Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994). Unless the balance of factors strongly favor the moving party, the Plaintiff's choice of forum generally should not be disturbed. *Henderson*, 918 F. Supp. at 1065. When determining whether to transfer a case pursuant to § 1404(a), courts consider the private and public interest factors articulated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Private factors relate to the convenience of the litigants and include such factors as: (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the availability and convenience of the witnesses and parties; (5) the place of the alleged wrong; (6) the possibility of delay and prejudice if transfer is granted; and (7) the availability of process to compel the attendance of unwilling witnesses. *See Gulf Oil Corp.*, 330 U.S. at 508; *N2 Consulting, LLC v. Engineered Fastener Co.*, 2002 U.S. Dist. LEXIS 18700 * 5 (N.D. Tex. Oct. 2, 2002).

Public interest factors, on the other hand, include (1) the administrative difficulties resulting from court congestion; (2) the relationship to the litigation of the community from which jurors will be drawn; (3) the local interest in having localized controversies decided at home; and (4) choice of law issues. *See Gulf Oil Corp.*, 330 U.S. at 508.

Defendant argues that the private interest factors weigh heavily in favor of transfer. Although it recognizes that the Plaintiff's choice of forum is the Southern District of Texas, Defendant argues that each of the remaining private interest factors weigh in favor of transfer.

Defendant asserts that the availability and convenience of the witnesses and parties strongly favors transfer.  While it has been recognized that one of the most important factors is whether substantial inconvenience will be visited on key fact witnesses, in order to meet its burden, the movant must "specifically identify the key witnesses and outline the substance of their testimony." *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 2d 823, 825 (S.D. Tex. 1993). Although Defendant alleges that it would be more convenient for witnesses to attend trial in San Antonio, it does not offer sufficient evidence to suggest that witnesses will be unduly burdened if the case is left in Victoria to overcome the deference given to Plaintiffs' choice of forum.   Rather, Defendant relies on its position that the location of the alleged wrong is in the Western District of Texas.  Defendant's motion does not specifically identify which witnesses will be required to testify, nor does it outline the substance of their testimony.  Without this information, it is impossible for the Court to determine whether the witnesses will be substantially inconvenienced, and whether this inconvenience is enough to overcome Plaintiff's choice of forum.  Plaintiff, on the other hand, provides the names of eight witnesses, including the Plaintiff, which Plaintiff anticipates will be called for trial.  Furthermore, Plaintiff identifies the nature of their involvement in this cause of action, and asserts that Victoria is a more convenient forum for each of these individuals.

Defendant does not provide specific information as to why it would be unduly burdensome to the parties, their attorney or individual witnesses for the case to be tried in Victoria.   Although Defendant alleges that its corporate officers  and other employees from the corporate office would be required to travel to Victoria, it has not identified the substance of their testimony, nor has it convinced the Court that traveling to Victoria would be a substantial burden. Further, there is no evidence to suggest that the records involved in this case are so voluminous as to make their transport burdensome.  Rather, Plaintiff maintains that the documents discussed in Defendant's motion, namely Plaintiff's time cards, have already been produced during discovery, thus negating

4

the argument that the location of the records favors transfer.

Based on the private interest factors, the Court concludes that Defendant has not met its burden of showing that the Plaintiff's choice of forum should be disturbed. Furthermore, the Court finds that the public interest factors do not weigh heavily in favor of one side or the other. As such, the Court finds that the motion to transfer should be DENIED.

## CONCLUSION

Defendant's Motion to Lift the Continuance is GRANTED. The Court finds, however, that Defendant has not met its burden of showing that this case should be transferred to the Western District of Texas. Without such a showing, Defendant's Motion to Dismiss or Transfer is DENIED.

It is so ORDERED.

Signed this 2nd day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE